UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| OPAL MILLMAN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED TECHNOLOGIES CORPORATION, LEAR CORPORATION EEDS AND INTERIORS, as successor to United Technologies Automotive, Inc., ANDREWS DAIRY STORE, INC., and L.D. WILLIAMS, INC.,<br><br>    Defendants. | CAUSE NO. 1:16-CV-312-PPS-SLC |
| ERIC POWELL and LAURY POWELL<br><br>    Plaintiffs,<br><br> v.<br><br>UNITED TECHNOLOGIES CORPORATION, LEAR CORPORATION EEDS AND INTERIORS, as successor to United Technologies Automotive, Inc., ANDREWS DAIRY STORE, INC., and L.D. WILLIAMS, INC.,<br><br>    Defendants. | CAUSE NO. 1:17-CV-28-PPS-SLC |

**OPINION AND ORDER**

These two related matters arise out of the exact same set of facts. Two plumes of contamination were discovered in Andrews, Indiana—one from a manufacturing plant and one from a gas station. Chemicals from the manufacturing plant and the gas station entered the environment and migrated through the subsurface soil and groundwater into the surrounding neighborhood. The first case arising from these facts was filed by Opal Millman in state court and sought both remediation of the contamination and damages. The Millman case is a class action and was removed here under the Class Action Fairness Act. Ms. Millman promptly moved for remand of the action, arguing that it fell under the local controversy exception to that statute.

As I was considering the motion to remand in the Millman case, a second action was filed by the Eric and Laury Powell here in federal court under the Resource Conservation and Recovery Act seeking remediation of the same exact plumes of contamination. The Powells would be class members of the Millman action if the Millman class is certified.

The Millman and the Powell matters are nearly identical except for the relief sought. They involve the same facts, the same parties, and the same attorneys, and so the Defendants moved to consolidate the cases. I held a hearing on the motions to consolidate at which I asked the parties to address, among other things, the effect of the second filed Powell action and the motions to consolidate on the motion to remand. Now having heard their arguments and reviewed their briefing on both motions, I find

that these cases should be consolidated and the motion to remand the Millman matter denied.

**Background**

For purposes of this opinion, I will accept the facts as alleged in both the class action complaint in *Millman,* (1:16-cv-312, DE 7), and the RCRA complaint in *Powell* (1:17-CV-28, DE 1). Here are the allegations: United Technologies Automotive owned and operated a manufacturing facility located in Andrews, Indiana from approximately 1974 to 1992. [*Millman* DE 7 at ¶10; *Powell* DE 1 at ¶3.] UTA is a former subsidiary of Defendant United Technologies Corporation. [*Id.*] UTC sold its UTA subsidiary and the UTA Facility to Defendant Lear Corporation in 1999, which then changed UTA's name to Lear Corporation. [*Millman* DE 7 at ¶11; *Powell* DE 1 at ¶14.] UTC retained certain environmental liabilities arising from UTA's operations at the UTA Facility. [*Millman* DE 7 at ¶11; *Powell* DE 1 at ¶14.] At the UTA facility, UTA used large quantities of trichloroethylene ("TCE"), a powerful degreaser and "chlorinated solvent" and released, dumped, and/or spilled TCE and other hazardous chemicals that resulted in a plume of soil and groundwater contamination that extends off-site and into Millman and the Powells' neighborhood. [*Millman* DE 7 at ¶¶13-14, 28-32; *Powell* DE 1 at ¶¶3, 30-34 .] For ease of reference, I will refer to this plume of contamination as the "Chlorinated Plume." Both Millman and the Powells allege that UTC and Lear have failed to effectively remediate the Chlorinated Plume despite 22 years as a voluntary

3

participant in the Indiana Department of Environmental Management's Voluntary Remediation Program. [*Millman* DE 7 at ¶¶42-54; *Powell* DE 1 at ¶¶44-56.]

The Gas Station is a Citgo-branded retail gasoline and convenience store also located in Andrews, Indiana that was formerly owned by Andrews Dairy Store, Inc. and is currently owned by L.D. Williams, Inc. and is located downgradient from the UTA Facility and sits on top of the Chlorinated Plume. [*Millman* DE 7 at ¶¶18-19; *Powell* DE 1 at ¶6.] The Gas Station regularly stores thousands of gallons of gasoline, which consists of benzene and other toxic aromatic hydrocarbon chemicals. During its operations, the Gas Station released, dumped, and/or spilled petroleum products, including gasoline, into the soil and groundwater from its underground storage tanks resulting in a plume of soil and groundwater contamination that includes benzene, tolulene, ethyl benzene, and exylene and extends off-site into the same neighborhood as the Chlorinated Plume. [*Millman* DE 7 at ¶¶20-21, 55-58; *Powell* DE 1 at ¶¶6, 57-61.] For ease of reference, I will refer to this plume of contamination as the "Aromatic Plume."

In April 1993, Huntington County notified the Indiana Department of Environmental Management as to the presence of petroleum vapors in the Town's municipal sanitary sewer system and subsequent investigation indicated petroleum vapors were present in residences sourced from the sewer line. The impact to the sewer line was attributable to fuel release from the Gas Station. [*Millman* DE 7 at ¶¶59-60; *Powell* DE 1 at ¶¶61-62.] As a result, the Gas Station was placed by IDEM in its Leaking Underground Storage Tank program, but despite the Gas Station's investigation and

remediation work, Millman and the Powells allege that petroleum contamination is continuing to migrate from the Gas Station into the neighborhood. [*Millman* DE 7 at ¶¶61-80; *Powell* DE 1 at ¶¶63-82.]

Millman and the Powells allege that the Chlorinated and Aromatic Plumes are the current source of vapors throughout the Neighborhood and, specifically, that groundwater impacted by the Chlorinated and Aromatic Plumes has infiltrated the Town's sewer lines, providing a pathway for the contamination and enabling vapors to impact any home connected to an infiltrated sewer line. [*Millman* DE 7 at ¶¶83-86; *Powell* DE 1 at ¶¶85-88.] Both TCE and benzene have been characterized by the EPA as carcinogenic to humans by all routes of exposure and both chemicals can cause serious health issues. [*Millman* DE 7 at ¶¶94-98; *Powell* DE 1 at ¶¶95-99.]

On June 21, 2016, Eric and Laury Powell sent a Notice of Intent to File RCRA Citizens Suit under 42 U.S.C. §6972(a)(1)(B) to UTC, Lear, and L.D. Williams, Inc. advising them of the Powells' intent to sue and sent a similar notice to Andrews Dairy Store, Inc. on June 27, 2016. [*Powell* DE 1-1.] Three weeks later, on July 18, 2016, Opal Millman filed a putative class action in state court against all the same entities that the Powells had served with their RCRA Notice regarding the same exact contamination identified in the RCRA Notice. [*Millman* DE 7.] Millman's proposed class consists of all Indiana citizens within the area impacted by the Chlorinated and Aromatic Plumes who have owned, rented, or resided at property at any time since 1993. [*Id.* at ¶¶110-112.] Millman alleges that the class will easily exceed 100 persons. [*Id.* at ¶¶113.] Millman's

complaint seeks class certification and alleges exclusively state law causes of action for trespass, nuisance, negligence, injunctive relief under Indiana's Environmental Legal Action ("ELA") statute with fee shifting, and negligent infliction of emotional distress. Millman seeks compensatory and punitive damages plus costs and fees as well as an injunction requiring the removal of contamination from the affected properties.

Although Millman seeks remediation under the ELA, she did not include a RCRA claim in her complaint. Despite the fact that Millman's complaint does not contain a federal claim, it explicitly pleads the elements of federal jurisdiction under the Class Action Fairness Act ("CAFA") and Defendants UTC and Lear timely removed the action to this Court. [*Millman* DE 1.] Millman now seeks a remand arguing that this action falls within the local controversy exception to CAFA. [*Millman* DE 20.]

On January 24, 2017, while I was considering Millman's motion to remand and determining whether that action's proper place was state or federal court, the Powells filed their promised RCRA lawsuit in federal court. 79 of the 105 numbered paragraphs in the Powell complaint are identical to numbered paragraphs in the Millman complaint. The Powells are members of the Millman proposed class, are represented by the same attorneys, and brought their action against the same defendants. The Powells, like Millman, seek an injunction requiring the Defendants to investigate, abate, and otherwise respond to potential endangerments associated with the contamination that is impacting the UTA Facility, the Gas Station, and the neighborhood, as well as fee shifting. [*Powell* DE 1 at p. 16.] In addition, the Powells seek civil penalties of up to

$25,000 per day of noncompliance for each violation of RCRA, as authorized by RCRA. [*Id.*]

Shortly after the Powells filed their lawsuit, Lear, UTC, and L.D. Williams moved to consolidate the Powell action with the Millman action.[1] [DE 49, 50.] The Defendants argue that the two nearly identical lawsuits should be consolidated and that by doing so, the federal RCRA claim would establish federal jurisdiction independent of CAFA, thereby mooting Millman's motion to remand, which they argue could and should be denied on its own merits anyway. I agree with the Defendants for the reasons I explain below and grant the motions to consolidate the Millman and Powell actions.

## Discussion

Federal Rule of Civil Procedure 42(a) states that actions involving "a common question of law or fact" may be consolidated. Fed. R. Civ. P. 42(a); *see also Star Ins. Co. v. Risk Marketing Group Inc.*, 561 F.3d 656, 660 (7th Cir. 2009). The primary purpose of consolidation is to promote convenience and judicial economy. *Miller v. Wolpoff & Abramson, LLP*, No. 1:06-cv-207, 2007 WL 2473431, at *2 (N.D. Ind. Aug. 28, 2007). The decision to consolidate under Rule 42 is "within the discretion of the trial judge." *Miller*, 2007 WL 2473431, at *2. When there are two cases that grow out of the same set of facts, have the same lawyers and same parties, and are in the same court, it seems

---

[1] At the time the motions to consolidate were filed, Andrews Dairy had not yet been served in the Powell action.

pretty obvious that concerns for judicial economy would strongly favor consolidation of the two cases. *See, e.g.*, *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970).

Before I get to the issue of consolidation, I want to address the Plaintiffs' argument that I cannot rule on the motions to consolidate without first ruling on the motion to remand because I first have to decide whether I have jurisdiction over the Millman action under CAFA. By way of background, the Class Action Fairness Act states that the district courts have original federal jurisdiction over a case asserting only state law claims, if three requirements are met: (1) the amount in controversy exceeds $5,000,000, (2) there is minimal diversity, and (3) there are at least 100 putative class members. *See* 28 U.S.C. § 1332(d)(2), (d)(5). In her motion to remand, Millman does not contest that her case meets these requirements. Rather, she argues that I should decline to exercise jurisdiction over her action pursuant to CAFA's local controversy exception. [*Millman* DE 20.] The local controversy exception provides:

> A district court shall decline to exercise jurisdiction under paragraph (2)--
> (A)(i) over a class action in which--
>     (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>     (II) at least 1 defendant is a defendant--
>         (aa) from whom significant relief is sought by members of the plaintiff class;
>         (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>         (cc) who is a citizen of the State in which the action was originally filed; and

8

> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
>
> (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4). The parties agree that the requirements of A(i)(I) are met, but disagree on whether the local defendants—the ones who previously owned and currently own the Citgo station—meet the requirements of 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa) and (bb). In other words, the question is whether "significant relief" is being sought from the owners of the gas station and whether their conduct forms a "significant basis" for the claims being asserted. There's one other issue: the Defendants also argue that the Powells' RCRA Notice defeats the requirement of A(ii).

Millman argues that I have to decide whether the local controversy exception applies before I rule on the motions to consolidate. In other words, Millman claims that I need to assure myself that I have subject matter jurisdiction over her claim before I decide whether it can be consolidated with the Powell matter. This is incorrect. The local controversy exception in CAFA "does not itself diminish federal jurisdiction." *Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011). Rather, it "is akin to abstention" in that it directs a district court to decline to exercise jurisdiction that exists. *Id.* And, as I've said, the Plaintiffs do not contest that the Millman complaint explicitly

pleads the CAFA jurisidictional requirements. All of this is to say, I have jurisdiction over both actions and may, therefore, rule on the motions to consolidate them.

So it's on to the issue of consolidation, and the factors I discussed above strongly favor consolidation. Both actions arise from the same underlying event—the alleged contamination of the neighborhood—and allege identical facts. They differ only in the legal theories under which the Plaintiffs sue on those common facts, but both seek an injunction ordering remediation under similar legal standards as part of their requested relief.

Absent consolidation, there would be separate trials involving identical legal claims and substantially overlapping witnesses and documentary evidence. That would waste judicial time and resources for claims that could be more efficiently adjudicated in one trial. Defendants in both actions are identical and favor consolidation. Moreover, the cases are in the same early stages of litigation. While I understand the Powells' concern that their case only involves trying the liability issue related to their claim for injunctive relief and the Millman class action involves both liability and individual damages issues for each individual class member, as I indicated at the hearing on the motions to consolidate, I would likely bifurcate the trial where phase one would be the liability component to the trial as it relates to the requested injunctive relief and phase two of the trial would be the individual damages issue. [DE 60 at 8.] As such, the Powells will not be prejudiced or face undue delay by having their case consolidated with Millman's.

For all of these reasons, I grant Defendants' motions to consolidate. The cases will be consolidated in the first filed action, Millman's proposed class action, Cause No. 1:16-CV-312. To eliminate the confusion of having two operative complaints, I order the Plaintiffs to file an amended complaint in *Millman* adding the Powells' RCRA claim. I understand that Defendant L.D. Williams filed a motion to dismiss in *Millman* and will deny it as moot because I am asking the Plaintiffs to amend the complaint, but grant leave to L.D. Williams to refile its motion after the Plaintiffs file the amended complaint.

As a final issue, while the Defendants are correct that consolidation moots the Plaintiff's motion to remand under the local controversy exception to the Class Action Fairness Act by introducing an *additional* basis for my jurisdiction, a federal question, into the consolidated case that will also include Millman's state law claims, I will note that even if I had ruled on the motion to remand prior to the motions to consolidate, the outcome would have been the same. I do not think that the local controversy exception applies to this case. A purpose of CAFA was to expand federal jurisdiction so that overlapping actions can be coordinated and decided by a single judge to promote judicial efficiency and ensure consistent treatment of legal issues. *See Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 932 (9th Cir. 2015); *see also Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 744 (7th Cir. 2013) (noting "CAFA's primary objective of expanding federal jurisdiction over national class actions" (internal quotation marks omitted)). In fact, CAFA does not have the ordinary anti-removal presumption. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554

(2014). In the CAFA context, the Seventh Circuit has looked at the substance beyond the form of artificial pleadings attempting to defeat CAFA jurisdiction to determine whether jurisdiction is proper. *See Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 742 (7th Cir. 2013) (finding that the district court had erred in failing to look beyond the "artificial disguise" created by the allegations in the plaintiff's complaint to acknowledge the substance of the suit). In addition, the local controversy exception is narrow because it was not intended to become a "jurisdictional loophole" by which interstate class action can avoid federal court adjudication. S. REP. 109-14, 39, 2005 U.S.C.C.A.N. 3, 38.

In looking at the substance of this case, this is the type of case contemplated by Congress when it passed CAFA. The Manufacturing Defendants, UTC and its successor Lear, are large national corporations incorporated in Delaware with corporate offices in Connecticut and Michigan, respectively. [DE 7 at ¶¶ 2-3.] The Gas Station Defendants are Indiana corporations located in Indiana. [*Id.* at ¶¶ 4-5.] Millman argues that the Gas Station Defendants are substantial defendants for purposes of CAFA's local controversy exception and their inclusion in this lawsuit requires me to remand the action. Millman argues that the contamination from the Gas Station Defendants is significant without actually pleading the Gas Station Defendants' *individual* culpability and impact on the proposed class, while relying on exhibits that seem to depict a larger plume of contamination from the manufacturing plant that affects more residences than the plume of contamination from the gas station. Simply put, I don't think Millman has

met her burden here.  *See Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 680 (7th Cir. 2006) *(*"[T]he party seeking to take advantage of the home-state or local exception to CAFA jurisdiction has the burden of showing that it applies.").

On the basis of what has been presented to me so far, this case seems to present an interstate controversy, despite Millman's contentions to the contrary and attempt to plead around that fact.  While the contamination is of course local to the Town of Andrews, that's pretty much the case in every environmental case.  The real question is whether the non-diverse tortfeasors—Andrews Dairy Store and L.D. Williams—are defendants that caused significant damage and from which significant relief will be sought as compared to the diverse tortfeasors—UTC and Lear.  I don't believe Millman has sufficiently alleged that the owners of the Citgo station are defendants from whom "significant relief" is sought by the proposed plaintiff class or that the conduct of these defendants forms a "significant basis" for the claims asserted by the proposed plaintiff class.

Rather than identify any specifics regarding the effect on the proposed class of the alleged contamination by the Gas Station Defendants and Manufacturing Defendants, individually, or the relief sought by the proposed class from the Gas Station Defendants and Manufacturing Defendants, individually, Millman's entire complaint is pleaded jointly and severally against all Defendants alleging that all proposed class members were and continue to be exposed to and harmed by both plumes of contamination.  Even overlooking the fact that Millman's attached exhibits

13

appear to tell a different story, pleading joint and several liability against two sets of distinct defendants that allegedly created unique and distinct plumes of contamination is insufficient to meet her burden of proving that the Gas Station Defendants, on their own, are significant defendants. To put it another way, there is no claim as to the magnitude of the Gas Station Defendants' culpability in relation to the Manufacturing Defendants' culpability. *See Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006); *Kurth v. Arcelormittal USA, Inc.*, Cause No. 2:09-CV-108, 2009 WL 3346588, at *12 (N.D. Ind. Oct. 14, 2009). Instead, there is evidence that points in the other direction, including the size and location of the Aromatic Plume, DE 1-2 at p. 27-29, and the fact that Millman alleged a sharp decline in aromatic chemical concentrations immediately across the street from the Gas Station, DE 1-2 at ¶78.

Finally, it's hard to ignore the fact that Millman's counsel, who also represents the Powells, served a RCRA notice on the Defendants *before Millman filed her suit*. So it is clear that Millman and her counsel were aware that they could, and intended to, seek relief under a federal statute in federal court, but intentionally omitted it from the Millman complaint in what seems to be an obvious effort to avoid a federal jurisidictional hook.

In sum, even if I had decided to rule on the motion to remand before ruling on the motions to consolidate, my conclusion would have been the same because I don't think Millman met her burden to show that this case falls within the narrow scope of the local controversy exception.

14

## Conclusion

For the aforementioned reasons, the Court:

- **GRANTS** Defendants Lear Corporation Eeds and Interiors, United Technologies Corporation, and L.D. Williams, Inc.'s motions to consolidate [*Millman*, Cause No. 1:16-CV-312, DE 49, DE 5.];

- **ORDERS**, pursuant to Federal Rule of Civil Procedure 42(a)(2), the action pending as Cause No. 1:17-CV-28 is **CONSOLIDATED** with the action pending as Cause No. 1:16-CV-312. All further proceedings in these consolidated matters will occur in Cause No. 1:16-CV-312;

- **DIRECTS** the Clerk to **ADMINISTRATIVELY CLOSE** Cause No. 1:17-CV-28;

- **ORDERS** the Plaintiffs to file an amended complaint in Cause No. 1:16-CV-312 that includes the Powells' RCRA claim; and

- **DENIES AS MOOT**, Defendant L.D. Williams, Inc.'s Motion to Dismiss Plaintiff's Claim for Diminished Property Values, with leave to refile once the Plaintiffs file an amended complaint. [*Millman*, Cause No. 1:16-CV-312, DE 28.]

**SO ORDERED.**

ENTERED: March 28, 2017.

                                        _s/ Philip P. Simon_
                                        **PHILIP P. SIMON, JUDGE**
                                        **UNITED STATES DISTRICT COURT**