# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| OPAL MILLMAN, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CAUSE NO.: 1:16-CV-312-TLS<br>)<br>) |
| UNITED TECHNOLOGIES CORPORATION, LEAR CORPORATION EEDS AND INTERIORS, as successor to United Technologies Automotive Inc., ANDREW DAIRY STORE, INC., L.D. WILLIAMS, INC., CP PRODUCT, LLC, as successor to Preferred Technical Group, Inc., and LDW DEVELOPMENT, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Opal Millman brings this action on behalf of herself and all others similarly situated against various Defendants, alleging that the Defendants were, in some manner, involved in improperly disposing and dumping hazardous chemicals into the groundwater in Andrews, Indiana. This matter is before the Court on two pending motions: the Defendant L.D. Williams' Rule 12(f) Motion to Strike the Amended Complaint [ECF No. 88] and the Plaintiff's Motion to Certify Class [ECF No. 102].

On November 7, 2017, Magistrate Judge Susan Collins granted the Plaintiff's Motion for Leave to File a Third Amended Complaint [ECF No. 155]. The same day, the Plaintiff filed her Third Amended Complaint [ECF No. 156]. Accordingly, the Court finds that the Defendant's Motion to Strike the first Amended Complaint is moot, as the Complaint has since been amended twice.

The Court next turns to the Plaintiff's pending Motion to Certify Class, filed on July 12, 2017. To date, there has been no response by the Defendants, and the Court notes that additional Defendants have been added in the Plaintiff's Third Amended Complaint. Accordingly, the parties' briefing has focused on the Third Amended Complaint, and the parties are also engaged in discovery.

The law in this Circuit used to be that when a plaintiff received an offer of judgment for full relief requested, the claim became moot. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), *overruled in part by Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015). In the class action context, mooting the claim of a would-be class representative could head off the specter of a larger case. Plaintiffs typically avoided this result by filing a "placeholder" motion for class certification. It appears that the Plaintiff has filed such a placeholder in this case. The pendency of this place holder motion would serve to protect a putative class from attempts to buy off the named plaintiff. *Id.* Meanwhile, "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.*

After *Chapman*, the premature filing of a motion for class certification is no longer necessary to prevent buy-off because a defendant's offer of compensation does not moot the litigation or otherwise end the Article III case or controversy. 796 F.3d at 787. The Court further finds that filing a motion that the parties are not yet ready to support or defend, and the Court is not yet able to rule upon, does not promote the efficient administration of justice. In this case, the Motion to Certify Class was filed prior to the Third Amended Complaint and the parties are still in the process of discovery and filing their respective answers to the Third Amended Complaint. No party has indicated that the certification issue is ripe for adjudication.

The Court, finding no reason to consider the certification issue at this time, DENIES the Motion to Certify Class [DE 102] as PREMATURE, but WITHOUT PREJUDICE to refiling at the appropriate juncture of the case. The Court also DENIES as MOOT the Rule 12(f) Motion to Strike the first Amended Complaint [ECF No. 88].

SO ORDERED on November 16, 2017.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT