UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| OPAL MILLMAN, ERIC POWELL, and LAURY POWELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED TECHNOLOGIES CORPORATION, LEAR CORPORATION EEDS AND INTERIORS, as successor to United Technologies automotive, Inc., ANDREWS DAIRY STORE, INC., L.D. WILLIAMS, INC., CP PRODUCT, LLC successor to Preferred Technical Group, Inc., and LDW DEVELOPMENT, LLC,<br><br>Defendants. | CAUSE NO.: 1:16-CV-312-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Motion to Amend/Correct their Motion to Certify Class, and various responses and sur-replies [ECF Nos. 223, 224, 228, 230, and 234]. For the reasons set forth below, the Plaintiffs' Motion is taken under advisement.

**PROCEDURAL BACKGROUND**

On June 18, 2018, the Plaintiffs filed their Motion for Class Certification [ECF No. 214]. On July 18, 2018, the Plaintiffs filed a Notice containing an additional case from the Sixth Circuit [ECF No. 222]. On August 15, 2018, Judge Jon E. Deguilio issued an opinion in *Hostetler* denying class certification in a very similar case. *See Hostetler et al. v. Johnson Controls Inc., et al.*, Case No. 3:15-cv-226, ECF No. 343. As the *Hostetler* case involved the same Plaintiffs' and Defendants' counsel, and very similar issues, the Plaintiffs in this matter

filed a Motion to Amend/Correct their Motion to Certify Class [ECF No. 223]. Some of the Defendants, specifically United Technologies Corp., CP Product LLC, and Lear Corp. Eeds and Interiors, filed a Motion in Opposition [ECF No. 224, 225][1] to the Plaintiffs' Motion to Amend; the Plaintiffs replied [ECF No. 228].

On September 21, 2018, additional Defendants, specifically L.D. Williams, Inc., and LDW Development LLC ("LDW Defendants") filed a "Notice of Joinder" [ECF No. 230]. The Plaintiffs moved to strike, or in the alternative, for permission to file a sur-reply to address the additional arguments raised in the Notice of Joinder [ECF No. 231]. The LDW Defendants responded [ECF No. 232], and the Plaintiffs replied [ECF No. 233]. The Court denied the Plaintiffs' Motion to Strike but granted them leave to file a sur-reply [ECF No. 234], which the Plaintiffs filed on October 16, 2018 [ECF No. 236]. Thus, the extensive briefing on the Plaintiffs' Motion to Amend is complete.

**DISCUSSION**

**1. The Parties' Arguments**

The Plaintiffs' Motion for Class Certification proposed eight issues for potential certification. The Motion to Amend suggests no changes to two issues, a minor change[2] to two others, significant changes related to the phrasing of three more, and finally splitting one issue, whether the Defendants acted with reckless indifference, into two issues, whether the Defendants

---

[1] Although the Defendants filed both a "Motion Opposition to Plaintiffs' Motion for Leave to File Amended Motion for Class Certification re Motion to Amend Correct Motion to Certify Class," ECF No. 224, and a "Response to Motion re Motion to Amend/Correct Motion to Certify Class Defendants' Opposition to Plaintiffs' Motion for Leave to File Amended Motion for Class Certification," ECF No. 225, the Court identified no difference between these two documents and thus assumes the Defendants made a duplicate filing.

[2] Specifically, the Plaintiffs propose changing "and" to "and/or".

negligently failed to investigate and whether it was foreseeable to the Defendants that their handling of the chemicals in question could cause contamination. *See generally Pls.' Mot. to Amend*, Ex. 3, "Redline Version of Rule 23(c)(4) Issues," ECF No. 223-3. The Plaintiffs emphasize that they do not seek to alter their Memorandum supporting their Motion for Class Certification; the Plaintiffs specifically state that "no additional briefing is proposed." *Pls.' Mot. to Amend*, ¶ 9.

However, the Defendants object to the proposed amendments.[3] Specifically, the Defendants argue that (1) the deadline for the Plaintiffs' proposed class issues is long past, and (2) the Defendants would be prejudiced by the Plaintiffs' proposed amendments. For the first issue, the Defendants rely primarily on *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015). For the second, the Defendants state that their litigation strategy would have changed; specifically, that they would have directed additional fact discovery towards the Plaintiffs on a variety of issues and would have sought additional expert testimony to address the issues the Plaintiffs now raise. *See generally Dfs.' Mot. in Opp.*, pp. 10-19.

The Plaintiffs respond that, generally, class definitions can be altered well into class litigation; as they seek only to change the proposed issues and not the proposed class definition, the Defendants should not be prejudiced by the change. Additionally, the Plaintiffs argue that the proposed new issues are not new, but are instead a "narrower" restating of the previously defined issues. *See generally Pls.' Reply in Supp.* Specifically, the Plaintiffs argue that the two new issues, governing negligence and foreseeability, were "subsumed" into the issue governing reckless indifference. *Id.*

---

[3] Only certain Defendants objected initially, as detailed above; even once the LDW Defendants joined, not all Defendants have signed on to the Motion in Opposition. The Defendant Andrews Dairy Store is self-represented, and has not weighed in. However, for expediency, the Court will use the term "Defendants" to refer to all the Defendants who did oppose the Plaintiffs' Motion to Amend.

The Notice of Joinder filed by the LDW Defendants primarily attacks the Plaintiffs' "subsumed" argument, and the reframing of the amended, proposed issue 6 around the Defendants' actions rather than the "potential" for vapor intrusion. *See generally Notice of Joinder*. The Plaintiffs' sur-reply responds to this attack and points out that the LDW Defendants "have not identified any additional discovery they would need to take to adequately respond to the Plaintiffs' Amended Motion." *See Pls.' Sur-Reply*, p. 5.

### 2. Amending Issues for Class Certification

Fed. R. Civ. P. 23(c)(1)(A) provides that, "[a]t an early practicable time after a person sues or is sued as a class representative, *the court* must determine by order whether to certify the action as a class action" (emphasis added). However, "deciding whether to certify a class can take a long time," and while the Rule "requires that the decision be made at 'an early practicable time,'" "early is often not practicable." *Thomas v. UBS AG*, 706 F.3d 846, 849 (7th Cir. 2013). *Chapman*, relied on by the Defendants, is not directly on point. *Chapman* involved a case that had continued for four and a half years, and the Plaintiff wanted to change the definition of the class itself rather than issues affecting the class. *See Chapman*, 796 F.3d at 784-85. Therefore, while the proposed amendment comes after the deadline to file the motion for class certification, a deadline which had indeed been extended, its timing alone does not warrant denying the Motion to Amend.

Significant prejudice to the Defendants, however, might warrant denying the Plaintiff's Motion. The Defendants claim that they would be prejudiced by the amendments. However, the Defendants do not offer specifics. For example, although the Defendants, in reference to the third proposed new issue, say that they "would have directed fact discovery to Plaintiffs concerning

4

their theory of 'foreseeability,'" and that "Defendants also would have lined up experts to address variations in the 'foreseeability' analysis during the class period," much of their discussion focuses on the length of time the Plaintiffs' proposed class period runs, and the geographic area it covers. *Defs.' Mot. in Opp.*, p. 14. The variability present in a long timeframe and a wide geographic area is a concern, but for the merits of the class certification – not for the proposed amendments, which do not create the relevant variability.

The Court needs additional information on exactly how the Defendants would be prejudiced before it can rule. Despite the voluminous briefing, the Defendants have not clarified what additional fact issues the proposed changes create, or what kind of additional discovery the Defendants believe would be necessary to address them. For example, while the Court understands that negligence and foreseeability might have different factual bases than reckless indifference, the Defendants have not articulated what additional discovery would fill in any gaps in the current discovery. Similarly, if additional experts are truly required, the Defendants have not identified what type of experts might those be, and how they differ from the experts the Defendant has already anticipated using.

## CONCLUSION

For the reasons stated above, all the Defendants may file supplemental briefing on the details of the prejudice they will suffer if the Plaintiffs are permitted to amend these issues by January 4, 2019. The Plaintiffs may then reply in further support of the proposed amended issues by January 25, 2019. The Court takes the Plaintiffs' Motion and subsequent briefing [ECF Nos. 223, 224, 228, 230, and 234] under advisement until briefing is complete.

SO ORDERED on November 30, 2018.

                                               s/ Theresa L. Springmann
                                              CHIEF JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT