UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| OPAL MILLMAN, ERIC POWELL, and LAURY POWELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED TECHNOLOGIES CORPORATION, LEAR CORPORATION EEDS AND INTERIORS, as successor to United Technologies automotive, Inc., ANDREWS DAIRY STORE, INC., L.D. WILLIAMS, INC., CP PRODUCT, LLC successor to Preferred Technical Group, Inc., and LDW DEVELOPMENT, LLC,<br><br>Defendants. | CAUSE NO.: 1:16-CV-312-TLS |

## OPINION AND ORDER

On June 18, 2018, the Plaintiffs filed their Motion for Class Certification [ECF No. 214] in this environmental contamination action. On August 15, 2018, Judge Jon E. DeGuilio issued an opinion in *Hostetler* denying class certification in a very similar case. *See Hostetler et al. v. Johnson Controls Inc., et al.*, Case No. 3:15-cv-226, ECF No. 343. As the *Hostetler* case involved the same Plaintiffs' and Defendants' counsel, and very similar issues, the Plaintiffs in this matter filed a Motion to Amend/Correct their Motion to Certify Class [ECF No. 223]. Some of the Defendants, specifically United Technologies Corp., CP Product LLC, and Lear Corp. Eeds and Interiors, filed a Motion in Opposition and a Response in Opposition [ECF No. 224, 225][1] to the Plaintiffs' Motion to Amend; the Plaintiffs replied [ECF No. 228].

---

[1] Although the Defendants filed both a "Motion" in opposition to the Plaintiffs' Motion to Amend/Correct, ECF No. 224, and a "Response" to the Plaintiff's Motion, ECF No. 225, the Court

On September 21, 2018, additional Defendants, specifically L.D. Williams, Inc., and LDW Development LLC ("LDW Defendants") filed a "Notice of Joinder" [ECF No. 230]. The Plaintiffs moved to strike, or in the alternative, for permission to file a sur-reply to address the additional arguments raised in the Notice of Joinder [ECF No. 231]. The LDW Defendants responded [ECF No. 232], and the Plaintiffs replied [ECF No. 233]. The Court denied the Plaintiffs' Motion to Strike but granted them leave to file a sur-reply [ECF No. 234], which the Plaintiffs filed on October 16, 2018 [ECF No. 236].

On November 30, 2018, the Court issued an order taking the Motion to Amend/Correct under advisement. The Court directed the Defendants to file supplemental briefing on the details of the prejudice they would suffer if the Plaintiff's Motion were granted and allowed the Plaintiffs to reply. On January 4, 2019, the Defendants filed their Response to the Motion per the Court's Order [ECF No. 243], and on January 25, 2019, the Plaintiffs filed their Reply [ECF No. 244].

**DISCUSSION**

**A.      The Plaintiff's Motion to Amend**

The Plaintiffs' Motion for Class Certification proposed eight issues for potential certification. In addition to changing the word "and" to "and/or" in proposed issues 4 and 5, the Plaintiffs wish to make the following changes:

- Edit issues 1 and 2 to focus on each Defendant's role in creating the contamination at each of two sites;

---

identified no difference between these two documents and thus assumes the Defendants made a duplicate filing.

- Edit proposed issue 6 to focus on the Defendants' actions with respect to the "potential" for vapor intrusion from contamination; and

- Strike the original issue 7, which addressed "reckless indifference," and instead ask whether the Contamination was foreseeable to the Defendants, proposed issue 3, and whether the Defendants negligently failed to investigate and remediate the Contamination, proposed issue 7.

*See generally Pls.' Mot. to Amend*, Ex. 3, "Redline Version of Rule 23(c)(4) Issues," ECF No. 223-3. The Plaintiffs have emphasized that they do not seek to alter their Memorandum supporting their Motion for Class Certification; the Plaintiffs specifically state that "no additional briefing is proposed." *Pls.' Mot. to Amend*, ¶ 9.

An intervening change in the case law is usually enough to establish good cause, and the Plaintiffs do not ask to re-open discovery taken up to this point or even to amend their briefing. The Court finds the Plaintiffs have established good cause for these minimal changes.

The Defendants[2] maintain that the Plaintiffs have not established good cause for their Motion to Amend, because the Plaintiffs could have framed the issues as the Motion to Amend does many months ago. The Defendants make two arguments from this fact: first, that the Motion is untimely, and second, that the Motion is a "do-over."

The Motion is not untimely. The Plaintiffs filed their Motion for Class Certification on June 18, 2018, in accordance with the Court's scheduling order. The *Hostetler* decision was issued on August 15, 2018; and the Plaintiffs filed their Motion to Amend on August 24, 2018. The Defendants do not argue that the nine days between the *Hostetler* decision and the Motion's filing are what makes the Motion untimely; instead, the Defendants include all the previous time

---

[2] Only certain Defendants objected initially, as detailed above; even once the LDW Defendants joined, not all Defendants have signed on to the Motion in Opposition. The Defendant Andrews Dairy Store is self-represented and has not joined any of the motion practice. However, except where otherwise noted, the Court will use the term "Defendants" to refer to all the Defendants who did oppose the Plaintiffs' Motion to Amend.

3

the Plaintiffs had to consider the case. But the *Hostetler* decision is the event that triggered the filing of the Motion to Amend, which seeks to answer criticisms Judge DeGuilio raised, and thus was only filed nine days after the relevant court decision.

The various cases cited by the Defendants do not suggest otherwise. None of the cases cited by the Defendant are directly on point. Some address motions governed by entirely different rules of civil procedure. *See, e.g.*, *Moro v. Shell Oil, Inc.*, 91 F.3d 872, 876 (7th Cir. 2012) (addressing a Motion to Reconsider under Fed. R. Civ. P. 59(e)). Some address entirely different factual scenarios. *See, e.g.*, *Borom v. Town of Merrillville*, No. 2:07 cv 98, 2009 WL 4842830 (N.D. Ind. Dec. 9, 2009) (addressing both parties' requests for yet further extensions of time for discovery after the Court informed the parties it was not amenable to such motions).

The closest cases cited by the Defendants are those where the Plaintiffs sought to change the nature of the case in question. Throughout their briefing, the Defendants rely heavily on *Chapman*, both the district and appellate decisions. *See Chapman v. First Index, Inc.*, No. 09 C 5555, 2014 WL 3511227 (N.D. Ill. July 16, 2014), *aff'd in part rev'd in part*, 796 F.3d 783, 785 (7th Cir. 2015). In *Chapman*, the district court evaluated whether the Plaintiff would be allowed to amend his class definition. 2014 WL 3511227 at *3. The Court concluded that:

> [t]he decision to delay amendment until after the parties and Court expended time and resources considering Chapman's initial proposed class definition and theory was a strategic one. Now that Chapman has not succeeded on his initial definition, he seeks a second bite at the apple based on a theory he could have pursued years ago. Such gamesmanship is not appropriate, particularly where Chapman was aware of the potential that his class definition was deficient yet spurned several opportunities to cure that deficiency . . . His delay and bad faith thus weigh against allowing amendment.

The district court went on to deny Chapman leave to file an amended complaint, in part because the defendant would be prejudiced. The Seventh Circuit affirmed, noting that: "no matter how the subject is approached a district judge has discretion to reject an attempt to remake a suit more

4

than four years after it began," going on to observe that the Plaintiff had waited until after discovery was complete and the motion for class certification decided before raising it.

The Defendants argue that the Plaintiffs here are in the same position as Chapman. However, Chapman was seeking to fundamentally alter the nature of the suit he brought – while here, the Plaintiffs seek to alter the issues they attempt to certify, but do not seek to change the class definition; thus, the time period, the geographic area, and the nature of the claims related to the contamination do not change. *Chapman* could apply to a case where the plaintiffs sought to amend only the issues on which the plaintiffs sought certification, but it does not apply here, because the nature of the suit is not changed by the proposed amendments.

Additionally, unlike in *Chapman*, this Court has not yet ruled upon the Plaintiffs' Motion for Class Certification, nor has it addressed a motion to strike the issue from the reply brief on class certification. As this Court would have authority to amend an Order defining the class, *see Fonder v. Sheriff of Kankakee*, 823 F.3d 1144, 1147 (7th Cir. 2016), a Motion to Amend before such an Order is even issued is not untimely on its face just because it is a few weeks after the last deadline for the Motion for Class Certification. *Cf. E.F. Transit Inc. v. Ind. Alcohol & Tobacco Comm'n*, No. 1:13-cv-01927-WTL-MJD, 2015 WL 3631742 (S.D. Ind. June 10, 2015) (denying a motion to amend a complaint, where the Plaintiff failed to provide any reason for why it could not amend earlier).

The Defendants' characterization of the Plaintiffs' Motion as seeking a "do-over" is understandable, given that the same counsel represented the Plaintiffs and Defendants in *Hostetler*, but the Plaintiffs are not seeking a do-over of anything that happened in *this* case – not even discovery. To the extent the point has validity, it goes to prejudice. The significant resources invested, up to this point, do weigh against granting the Motion to Amend if additional

5

resources will be needed, or if the Defendants cannot respond to the new issues because time has passed, or any other reason that might prejudice the Defendants.

B.  **Prejudice to the Defendants**

The Defendants have not established that they will be prejudiced by the Court granting the Plaintiffs' Motion to Amend.

1.  *No Additional, Necessary Discovery Has Been Identified*

The Court observed in its last order that significant prejudice to the Defendants might warrant denying the Plaintiff's Motion. The necessity of taking extensive factual discovery might constitute such prejudice, and so the Court asked the Defendants to specify "what additional fact issues the proposed changes create, or what kind of additional discovery the Defendants believe would be necessary to address them." *See Op. and Order*, ECF No. 242, p. 5.

The Defendants identify extensive discovery they would like to have conducted. However, the Defendants did not specify how the discovery differs from that already conducted. Specific examples include:

- For proposed issue 3, the Defendants state they would have taken "[w]ritten discovery concerning the time frame in which Plaintiffs allege the 'Contamination' developed and the bases for such conclusions, including, if applicable, the bases for concluding such contamination was not created in part by prior unnamed occupants of either alleged 'source' property, and the precise 'handling and disposal' activities Plaintiffs alleged to create the contamination."

However, the original issues 1 and 2 asked about whether certain contaminates were leaked or otherwise released from the relevant properties, and the Defendants do not explain why they did not seek the identified information already; or to what extent this information would be different from that already sought.

- For proposed issue 7, the Defendants would seek "[w]ritten fact discovery concerning each and every alleged negligent act in the investigation and remediation of the contamination, with potential follow up written discovery to explore the alleged commonality of class proofs as to those points."

However, the Defendants do not identify what new negligent acts have been alleged, or how switching from reckless indifference to negligence implicates acts not already investigated in discovery.

- For proposed issue 6, the Defendants would seek "[w]ritten discovery to Plaintiffs concerning the factual underpinnings of the concept of "potential" for vapor intrusion imbedded in this question, followed by subsequent written discovery and/or requests for admission to explore variations within the putative class as to these issues.

On issue 6, the Court agrees with the Defendants' initial point: the difference between "is capable of" from the initial issue, and "incur the potential for" is not the kind of distinction that makes much difference, and the Defendants have not explained how the difference they see would require additional fact discovery. Instead, from their submission, it appears they would ask the Plaintiffs. But the Plaintiffs maintain that there is no difference which requires additional discovery.

Finally, for proposed issues 1 and 2, the Defendants begin by re-stating their position that "it is not apparent how these questions are materially different from Plaintiffs' currently proposed Rule 23(a)(2) questions 1, 2 and 4." As the Defendants do not see a distinction, they do not articulate what additional evidence would be necessary.

These are examples and not an exhaustive list, but in short, despite additional briefing, the Defendants have not presented the Court with any new fact discovery that is made necessary by the Plaintiffs' Motion to Amend. The Defendants say that they seek to present evidence of variation which precludes certifying the Plaintiffs' amended issues, but do not articulate how that evidence is different from the evidence already gathered in the case. *Cf. Op. and Order*, ECF No.

242, p. 5 (directing the Defendants to clarify what additional fact issues the proposed changes create; for example, what new facts the change from a "reckless indifference" standard to a "negligence" standard implicated). The Defendants have not established that they would be prejudiced because of the need for additional fact discovery.

The Defendants also identify numerous issues on which they would either hire additional experts or ask their current expert to amend his report. However, like the fact discovery issues, the Defendants never articulate what about the proposed amendments to the issues presents the need for additional expert discovery. For example, the Defendants do not explain why they have not already sought expert testimony on the evolution of industry standards over time, given that the Motion to Amend makes no change to the time frame involved.

## 2. *The Defendants' Additional Arguments*

### a. The Issues Plaintiffs Seek to Certify are Distinct From Common Questions

The Defendants argue that, "if the proposed class questions are amended after discovery is closed and allowed to proceed without examination, there simply is no opportunity to probe whether those new questions really are subject to *common* proofs for the very diverse class Plaintiffs propose." *See Def.'s Suppl. Resp.*, at 2-3. First, the Plaintiffs seek to amend the *issues* they present. Because the Plaintiffs do not seek to amend their Memorandum in Support of the Motion for Class Certification, the Plaintiffs will not be changing the questions they believe predominate these issues. The distinction here is muddied by Plaintiffs' reference, in their Motion for Class Certification, to these issues as "issues of law and fact [] common to the Class and suitable for certification of a liability-only Class." *See Pls.' Mot. for Class Cert.*, ECF No. 218, p. 11. However, as observed in *Hostetler*, while the Seventh Circuit has not expressly

addressed the role of predominance in issue-only classes, the best interpretation is that "the predominance inquiry is narrowed to focus on whether common questions predominate within the issues proposed for certification, as opposed to the claim as a whole." *See Hostetler*, n.2. Thus, while the Plaintiffs seek to alter the issues, the questions the Plaintiffs believe "predominate" – and the evidence they have, or have not, offered in support of them – are not changing. The issues the Plaintiffs identify as possible for certification under Rule 23(c)(4) are not the same as the questions the Court must ask when evaluating certification under Rule 23(a)(2).

Second, the Motion for Class Certification is the opportunity to examine the issues the Plaintiff is attempting to certify, and it is the Plaintiffs' burden to prove that all the requirements of Rule 23(a) and (b) are met. To the extent that the Defendants believe that the discovery conducted so far does not contain enough evidence to establish those questions, the Defendants' concerns are misplaced: The Plaintiffs must establish that these issues have predominating common questions on the evidence available, and if the Plaintiffs have not done so, class certification will not be granted.

      b. *The Defendants Have Not Established That Significant Resources Will Have Been Wasted*

The Defendants again rely on the many previous deadlines that have past. As discussed above, this is only relevant if it prejudices the Defendants. The Defendants have not established that the litigation conducted to date is worthless in the face of the Plaintiffs' Motion to Amend; and thus, have not established prejudice on this point.

The Defendants also object that they will need to rewrite their opposition to the Plaintiffs' Motion for Class Certification. However, the Defendants do not specify why they will need to

rewrite the entire brief, amend hundreds of pages of file-ready designations of evidence, or even revise their already-prepared expert report. Additionally, while the Defendants appear to argue that they are prejudiced in part by the timing of the Court's order to stay the case pending a resolution of the Motion to Amend, the Defendants do not articulate why they did not either (1) move to stay the case themselves, if resolution of this Motion was so impactful on their response, or (2) account for the potential changes while drafting their response. Particularly as the Plaintiffs' Motion for Class Certification does not discuss the issues in any level of detail,[3] the Defendants have not established that rewriting their opposition to it will be so onerous as to qualify as prejudice enough to overcome the Plaintiffs' good cause to amend.

### c. The Defendants Have Not Established That Motion Practice Will Prejudice Them

The Defendants argue that the Plaintiffs' reliance on their existing Memorandum in Support of Class Certification increases rather than decreases the prejudice against them, because the Defendants will "be forced to guess at Plaintiff's [*sic*] arguments in support of certifying these questions," or rely on the premise that the Plaintiffs cannot assert new arguments in their reply brief. The Plaintiffs maintain that they "have already advanced all necessary arguments in favor of class certification." "It is well settled law in this Circuit that arguments raised for the first time in a reply brief are waived," *see Wolotka v. School Town of Munster*, 399 F. Supp. 2d 885, 901 (N.D. Ind. 2005), and if the Plaintiffs make new arguments in their reply brief, the Court will strike those arguments. However, as the Plaintiffs observe, they are entitled to respond in a reply brief to issues raised for the first time by the Defendants. *See Eagle Servs. Corp. v.*

---

[3] Aside from the initial outlining of the issues, on pages 11-12, the Plaintiffs do not discuss the specific wording of the issues in their Motion for Class Certification at all.

*H20 Indus. Servs., Inc.*, No. 2:02CV36PRC, 2005 WL 1429279, *1 (N.D. Ind. June 8, 2005) (collecting cases).

### d. The Defendants' Remaining Arguments Are Not Persuasive

The Defendants make several other arguments, including that: The Plaintiffs are wrong that foreseeability and negligence are "subsumed" into reckless indifference and thus the Plaintiffs are not narrowing the issues, and the Plaintiffs are merely wordsmithing their issues.

These arguments are well-taken. The Plaintiffs have not cited a source for the idea that discovery of recklessness necessarily involves all discovery relevant to foreseeability and negligence. Additionally, negligence is a lower standard than reckless indifference, so the Plaintiffs are moving to a broader standard, not a narrower one. The Plaintiffs themselves admit that some of their changes are wordsmithing; for example, changing to "and/or" instead of "and" is not really a material change. But the Plaintiffs have shown good cause to amend just their Motion for Class Certification's issues: they are responding to new case law. The Defendants have not established prejudice that outweighs this consideration.

## CONCLUSION

For these reasons, the Court:

(1) GRANTS the Plaintiffs' Motion to Amend/Correct their Motion to Certify the Class [ECF No. 223], STRIKES the Motion to Certify the Class, and its Affidavits and Memorandum in Support [ECF Nos. 214, 216-218] with LEAVE TO REFILE by April 9, 2019;

(2) STRIKES the Defendants' Motion in Opposition to the Motion to Amend [ECF No. 224] as duplicative;

(3) GRANTS the Defendants until May 9, 2019, to file their Response to the Plaintiffs' Motion to Certify the Class, as well as to disclose their class-related experts and expert reports, and their Rule 702/Daubert Motions as to the Pls.' class-related experts. The deadline for expert discovery related to Defendants' class experts is June 17, 2019. The deadline for Plaintiffs' reply in support of their Motion for Class Certification, and Plaintiffs' Rule 702/Daubert Motions as to the Defendants' class-related experts is July 22, 2019. The deadline for the Defendants' Response to Plaintiffs' Rule 702/Daubert motions, and replies in support of their own Rule 702/Daubert Motions, is August 21, 2019, and the deadline for Plaintiffs' replies in support of their own Rule 702/Daubert Motions is September 20, 2019.

SO ORDERED on March 25, 2019.

   s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT