**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

OPAL MILLMAN, et al.,                )
                                     )
    Plaintiffs,              )
                                     )
v.                                   )    Cause No. 1:16-CV-312-HAB
                                     )
RTX CORPORATION, et al.,             )
                                     )
    Defendants.              )

**OPINION AND ORDER**

The parties in this case have filed numerous motions challenging each other's experts. The parties are familiar with the lengthy procedural and factual history of this case, none of which needs repeating here. Before the Court is Plaintiffs Opal Millman, Eric Powell, and Laury Powell ("Plaintiffs") Motion for Leave to Serve Rebuttal Expert Reports. (ECF No. 367). Specifically, they seek leave to serve rebuttal reports from expert witnesses Kenneth Spaeth, M.D., Kathleen Gilbert, Ph.D., and James Wells, Ph.D. Defendants RTX Corporation[1], Lear Corporation EEDS and Interiors, and CP Product LLC (individually, "RTX Defendants") responded in opposition (ECF No. 395), as did Defendants L.D. Williams, Inc., LDW Development LLC (individually, "Williams Defendants") (ECF No. 394).[2] For the reasons explained below, The Court grants the motion with respect to the rebuttal report prepared by Dr. James Wells. The Court denies the motion with respect to the rebuttal reports prepared by Dr. Kathleen Gilbert and Dr. Kenneth Spaeth.

---

[1] This motion was filed by Defendants Lear Corporation EEDs and Interiors, CP Product LLC, and Raytheon. On August 1, 2023, Raytheon filed a notice of name change to RTX Corporation, and the Court subsequently ordered the caption of the case to be amended and all references to Raytheon Technologies Corporation in previous pleadings and filings deemed references to RTX Corporation. (ECF Nos. 447, 448).

[2] Collectively the RTX Defendants and the Williams Defendants are designated as "Defendants" herein.

## I.   DISCUSSION

As an initial matter, Defendants argue that the rebuttal reports the Plaintiffs seek to have admitted are untimely. *See* ECF No. 394 at 9-11; ECF No. 395 at 3-6. They contend that, pursuant to 26(a)(2)(D)(ii), rebuttal reports are due 30 days after the opposing party's expert disclosures— making the deadline December 15, 2021. ECF No. 395 at 4. Plaintiffs reply that the rebuttal reports were due not 30 days after Defendants filed their expert disclosures, but rather 30 days after Defendants filed their *Daubert* motions and, therefore, the reports are timely. ECF No. 399 at 1-2.

The parties' dispute stems from how best to classify the reports Plaintiffs seek to admit. As both Plaintiffs and the RTX Defendants acknowledge, supplemental, "clarifying declarations from experts are a routine part of *Daubert* motions." *In re Fluidmaster, Inc., Water Connector Components Prods. Liab. Litig.*, 2017 WL 1196990, at *16 (N.D. Ill. Mar. 31, 2017). There is plenty of case law to support this proposition. *See id.* n.13. Thus, the question is not whether expert submissions in response to *Daubert* motions are ever permissible, but rather whether these particular submissions are permitted.

To that end, the court explained in *In re Fluidmaster*, that "[s]upplemental declarations from experts that merely respond to specific *Daubert* criticisms or harmlessly repeat information provided in the earlier reports do not violate Rule 26." *Id.* at *16 (internal quotation marks omitted). But it is also true that "there is no requirement that [an expert disclosure] cover any and every objection or criticism of which an opposing party might conceivably complain." *Allgood v. Gen. Motors Corp.*, 2006 WL 2669337, at *5 (S.D. Ind. Sept. 18, 2006). So, while an expert may submit a declaration in response to a *Daubert* motion that does more than just repeat exactly what was included in the expert's initial disclosure, the expert may not include entirely new opinions.

Plaintiffs seek to admit rebuttal reports, in response to Defendants' *Daubert* motions, on behalf of Dr. Gilbert, Dr. Spaeth, and Dr. Wells. The Court considers each expert's submission in turn below.

**A.    Dr. Gilbert**

Both sets of Defendants argue that Dr. Gilbert's proposed rebuttal report goes beyond the scope of what is permitted in response to a *Daubert* motion. *See* ECF No. 394 at 20; ECF No. 395 at 6-9. The Court agrees.

One problem with Dr. Gilbert's rebuttal report—as noted by the RTX Defendants in their response brief—appears in the section titled "Describing a TCE mechanism of action to bolster causation opinion," in which she opines that "demyelination and oxidative stress are two processes that are well known to contribute to different types of neuropathology and inflammation, and would certainly be biologically plausible as contributors to TN." ECF No. 367-2 at 6-7. As the RTX Defendants point out, these two processes are not mentioned at all in Dr. Gilbert's initial report.

Plaintiffs argue that Dr. Gilbert's demyelination and oxidation opinion is admissible because the RTX Defendants "[were] aware of Dr. Gilbert's opinions concerning demyelination as one of the adverse impacts caused by TCE exposures." ECF No. 399 at 9. They cite to Dr. Gilbert's deposition, in which the RTX Defendants' counsel questioned Dr. Gilbert about a chapter of her book on trigeminal nerve demyelination, as well as to Dr. Spaeth's reference to Dr. Gilbert's opinions concerning demyelination in his own deposition. *Id.*

But Plaintiffs provide no case law to support the proposition that, if the opposing party is *aware* that an expert has an opinion, that opinion is fair game to include in a supplemental report in response to a *Daubert* motion. And such a rule would defy common sense—it could not be the

case that, in drafting a *Daubert* motion, a party would have to not only object to the contents of the report, but also object to any potentially relevant opinions it was aware that the expert may hold—for instance, anything included in a book an expert had written.

The Court also agrees with the RTX Defendants in finding that Dr. Gilbert impermissibly includes new opinions in her section titled "Use of Regulatory Values in Risk Evaluation." *See* ECF No. 367-2 at 12. For example, her opinion that "the time frame between exposure to a carcinogen such as TCE and the development of cancer can be quite lengthy," leading to her conclusion that "the plaintiffs [sic] increased likelihood of developing cancer persists even if the TCE and benzene have been now removed from their homes," *id.*, is a new opinion not found in her initial disclosure.

In *Allgood v. General Motors Corporation*, in the context of supplemental reports filed under Federal Rule of Civil Procedure 26(e), the court explained that to allow an expert to include claims and issues in a supplemental report which could have been included in an initial report "would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given." 2007 WL 647496, at *3-4 (S.D. Ind. Feb. 2, 2007) (internal quotation marks omitted). The Court finds this reasoning persuasive in the context of reports filed in response to *Daubert* motions, as well.

Allowing Plaintiffs to serve Dr. Gilbert's rebuttal report would cause unfair prejudice to Defendants, who, relying on her initial disclosures, have already taken her deposition and submitted their own experts' reports. If the Court were to admit the opinions, it might then need to reopen discovery to allow Defendants to take additional depositions regarding these new arguments or to allow additional rebuttal from defense experts. At this point, many years into the

case and with hundreds of pages already spent on briefing numerous *Daubert* motions, the Court does not believe this would be appropriate.

The Court denies the motion with respect to Dr. Gilbert's rebuttal report.

**B.      Dr. Spaeth**

Both Defendants also argue that Dr. Spaeth's proposed rebuttal report should be excluded for impermissibly including new opinions. *See* ECF No. 394 at 18-20; ECF No. 395 at 9-12. The Court agrees.

In his rebuttal report, Dr. Spaeth includes the following opinion:

> If it was assumed that Opal Millman spent eight hours a day, seven days per week, somewhere other than Andrews, IN, her exposure from her home would still result in a cancer risk greater than the one in ten thousand threshold which, by every public health metric, including EPA's and ATSDR's is considered excessively high risk. The fact that she goes outside her home, then, cannot be reasonably viewed as markedly changing the cancer risks related to her exposure.

ECF No. 367-1 at 8.  The Williams Defendants object to Dr. Spaeth's failure to "show his work for this new calculation," and the RTX Defendants argue that additional deposition testimony would be necessary to understand the basis of the conclusion. In reply, Plaintiffs contend that this is not a new opinion—that it "simply explains and supports his original opinion that the exposures suffered by Ms. Millman in her home have caused her to suffer an increased risk." ECF No. 399 at 7.

The Court agrees with Defendants and finds that this paragraph goes beyond serving as additional explanation of Dr. Spaeth's opinion. If the Court were to admit this opinion, it would have to allow Defendants an additional opportunity to depose Dr. Spaeth and learn the basis for this conclusion. As explained above in the discussion on Dr. Gilbert's report, allowing the *Daubert* debates in this case to expand in that way would not be in the interest of this litigation.

Dr. Spaeth also cites the Federal Judicial Center's Reference Manual on Scientific Evidence ("RMSE") in his rebuttal report, opining that Plaintiffs meet the RMSE's five criteria for demonstrating an association between exposure and risk of disease. ECF No. 367-1 at 12-16. This opinion suffers from a similar problem. Defendants did not have an opportunity to explore Dr. Spaeth's conclusions that each Plaintiff met each of the five criteria during his deposition, and they did not have the opportunity to provide their own rebuttal. *See* ECF No. 395 at 11-12.

Plaintiffs contend that Dr. Spaeth's inclusion of his opinions as to the RMSE factors is appropriate. *See* ECF No. 399 at 7-8. They argue that, because the RTX Defendants cited the RMSE in their *Daubert* motion to exclude Dr. Spaeth's report, he should be allowed to use it in response, to demonstrate that it supports—as opposed to undercuts—his opinion. *Id.* They further argue that Dr. Spaeth's conclusions regarding the RMSE factors align with the Bradford Hill principles he recites in his initial report. *Id.* at 7.

The Court is not persuaded by the Plaintiffs' argument. The RTX Defendants' citation to the RMSE in their *Daubert* motion does not justify the inclusion of a new opinion related to the RMSE, nor does the alignment of the RMSE factors with factors cited by Dr. Spaeth in his original report. Allowing these opinions would require allowing the Defendants the opportunity for additional rebuttal testimony, and potentially additional deposition testimony as well, something the Court will not do at this stage in the litigation.

The Court denies the motion with respect to Dr. Spaeth's rebuttal report.

## C.    Dr. Wells

Both the RTX Defendants and the Williams Defendants object to Dr. Wells's rebuttal report. *See* ECF No. 394 at 11-18; ECF No. 395 at 12-13. The RTX Defendants object to Dr. Wells's citation to EPA's definition of a completed pathway in opining that a vapor intrusion pathway

existed in Plaintiffs' homes, as well as to his suggestion that "the background concentration for synthetic chemicals like TCE is zero," and "EPA points out that some regulations may require cleanup of a site to background levels, not risk-based screening levels." ECF No. 367-3 at 3, 5-6.

Unlike the rebuttal reports provided by Dr. Gilbert and Dr. Spaeth, the Court finds that the opinions offered by Dr. Wells are appropriate in scope. Dr. Wells's citation to EPA's definition of a completed pathway, *see* ECF No. 367-3 at 3, is directly and appropriately responsive to the RTX Defendants' *Daubert* argument that the exposure pathway of vapor intrusion does not exist if the concentrations are below screening levels, *see* ECF No. 330 at 6-7. And Dr. Wells's discussion regarding the background concentration for TCE is an appropriate expansion of the opinion in his initial report that EPA's drinking water goals for TCE and vinyl chloride are 0 μg/l because the EPA considers there to be no safe amount of a carcinogen that can be consumed. *See* ECF No. 391-2 at 10.

The Williams Defendants make a different argument—that the submission "is no rebuttal, but rather contains a 'sham affidavit' seeking to revise his sworn deposition testimony." ECF No. 394 at 2. As Dr. Wells explains in his rebuttal report, while he did testify that he reviewed historical tabulations of sampling from Andrews Dairy wells, he inadvertently failed to cite SES monitoring reports prepared on behalf of Andrews Dairy as the source of those. Wells Rebuttal Rpt. at 12. He realized after the depositions and sent the documents to Plaintiffs' counsel to send to Defense counsel, but Plaintiffs' counsel failed to forward those documents. *Id.* n. 17. The Williams Defendants argue that if the Court grants leave to serve this report, they will "essentially have to start over with regard to their defenses to [Dr. Wells's] expert opinions." ECF No. 394 at 2.

The Court is unconvinced. In Dr. Wells's deposition, he testified that while he didn't "necessarily know who exactly is collecting samples from specific wells," Stantec reports did

"include a historical tabulation of groundwater sampling from Andrews Dairy wells." ECF No. 392-3 at 190. He testified that he "believed" he did not have SES environmental reports in his file. *Id.* at 190. His clarification that he did review data from SES reports is not entirely inconsistent, therefore, with his deposition testimony. As the court explained in *In re Fluidmaster*, a supplemental expert report submitted in response to a *Daubert* motion is permitted when its purpose is "clarification of a factual mistake." 2017 WL 1196990, at *16. Further, the data he used and the opinions he offers remain the same—it is only the source of that data that is different.

The Court grants the motion with respect to Dr. Wells's rebuttal report.

## II.   CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part Plaintiffs' Motion for Leave to Serve Rebuttal Expert Reports (ECF No. 367). The Court grants the motion with respect to the rebuttal report prepared by Dr. James Wells. The Court denies the motion with respect to the rebuttal reports prepared by Dr. Kathleen Gilbert and Dr. Kenneth Spaeth.

SO ORDERED on June 16, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

8