**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| OPAL MILLMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-CV-312-HAB |
| | ) | |
| RTX CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The matter before the Court is the Motion for Leave to File Motion to Exclude Expert Opinion Number 5 and Related Testimony of Vasilis Vasiliou, PHD ("Dr. Vasiliou") filed by Defendants L.D. Williams, Inc. and LDW Development LLC (the "Williams Defendants"). (ECF No. 472). Plaintiffs have filed a response in opposition. (ECF No. 479).

On June 30, 2023, Defendants CP Product LLC, Lear Corporation EEDs and Interiors, and RTX Corporation (the "RTX Defendants")[1] filed a Motion to Substitute Expert Witness after learning of the unexpected passing of one of their designated expert witnesses, Dr. James McCluskey. (ECF No. 445). The Court granted the motion and directed Plaintiffs Opal Millman, Eric Powell, and Laury Powell ("Plaintiffs") to disclose any rebuttal experts and corresponding expert reports, as well as to file any Daubert motions related to the RTX Defendants' substitute expert witness, within 60 days of the RTX Defendants' disclosure of the substitute witness. (ECF No. 446). The Court also allowed the RTX Defendants to file Daubert motions related to Plaintiffs' rebuttal experts within 60 days after disclosure by Plaintiffs. (*Id.*).

---

[1] The motion was filed by Defendants Lear Corporation EEDs and Interiors, CP Product LLC, and Raytheon. On August 1, 2023, Raytheon filed a notice of name change to RTX Corporation, and the Court subsequently ordered the caption of the case to be amended and all references to Raytheon Technologies Corporation in previous pleadings and filings deemed references to RTX Corporation. (ECF Nos. 447, 448).

Pursuant to the Court's Order, the RTX Defendants disclosed Dr. John Lipscomb as their substitute expert witness. Plaintiffs disclosed a new rebuttal expert, Dr. Vasilis Vasiliou ("Dr. Vasiliou") and also submitted rebuttal reports prepared by two of their existing experts—Dr. Kenneth Spaeth ("Dr. Spaeth") and Dr. Kathleen Gilbert ("Dr. Gilbert"). The RTX Defendants filed a motion to exclude Dr. Vasiliou's testimony (ECF No. 474) and a motion to exclude the rebuttal reports prepared by Dr. Spaeth and Dr. Gilbert (ECF No. 476).

The Williams Defendants were not explicitly mentioned in the Court's Order setting deadlines for the substitute expert report and related responses and motions. *See* ECF No. 446. Nonetheless, the Williams Defendants now seek leave to file a motion to exclude Vasiliou's testimony. (ECF No. 472). They argue that it would be prejudicial not to allow them to file a motion to exclude Dr. Vasiliou, as his report offers opinions related to their interests. The Court agrees.

The Williams Defendants are the current owners of the gas station whose alleged release of hazardous chemicals is at issue in this litigation. Dr. Vasiliou's report includes opinions related to that alleged release. Specifically, in opinion 5, he opines that there was a "gasoline leak beginning in at least 1993" at Andrews Dairy and goes on to reference a "groundwater gasoline spill" and "gasoline release" and their likely effects on the Powells' health. Vasiliou Reb. Rep. at 18 (ECF No. 472-2). The Court's July 26, 2023 Order did not contemplate the Williams Defendants filing a Daubert motion, because it did not contemplate that the Williams Defendants would need to. The Court is now satisfied that the Williams Defendants should be permitted to file a motion to exclude the relevant portions of Dr. Vasiliou's rebuttal report and related trial testimony.

In response to the motion for leave, Plaintiffs do not appear to argue that the Court should not grant the Williams Defendants leave to file their motion to exclude. *See* ECF No. 479. Rather, they present brief argument as to why the report should not be excluded and request thirty days to submit additional briefing should the Court decide to grant the Williams Defendants their leave to file the motion to exclude. The Court agrees that Plaintiffs should be afforded the opportunity to respond to the Williams Defendants' motion to exclude.

For the above-stated reasons, the Court:

(1) GRANTS the Williams Defendants' Motion for Leave to File Motion to Exclude (ECF No. 472);

(2) DIRECTS the Williams Defendants to file their Motion to Exclude Opinion Number 5 and Related Trial Testimony of Vasilis Vasiliou, Ph.D. within 14 days of the issuance of this Order; and

(3) DIRECTS Plaintiffs to file a response brief within 30 days of when the Motion to Exclude is filed.

SO ORDERED on October 23, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT