**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| OPAL MILLMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-CV-312-HAB |
| | ) | |
| RTX CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The matter before the Court is the Motion to Substitute Expert Witness filed by Defendants CP Product LLC, Lear Corporation EEDs and Interiors, and RTX Corporation (the "RTX Defendants"). (ECF No. 480). One of the expert witnesses the RTX Defendants had initially disclosed, Robert M. Zoch, unexpectedly passed away. For that reason, they seek to introduce a new expert witness in his place.

The Court finds that Zoch's passing constitutes good cause for his substitution. *See Lincoln Nat. Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, 2010 WL 3892860, at *2-3 (N.D. Ind. Sept. 30, 2010) (citing *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 19 (D.P.R. 2009) as allowing substitution after an expert witness died). For that reason, and because Plaintiffs do not object to the substitution, *see* ECF No. 489, the Court will grant the RTX Defendants leave to disclose a substitute expert witness.

The Parties do disagree, however, on whether Plaintiffs should be permitted to submit a rebuttal expert witness. The RTX Defendants argue that the Court should not permit Plaintiffs to submit a rebuttal expert witness because Plaintiffs did not previously disclose an expert witness to opine as to the subjects their expert witness would speak to, and because Plaintiffs had not moved

to exclude Mr. Zoch's testimony. (ECF No. 480 at 4-5). Plaintiffs argue that they should be permitted to submit a rebuttal report, contending that they have offered expert reports on the subjects on which the substitute expert will opine, and because they do not yet know what the substitute expert will say, and the content of that opinion will dictate whether a rebuttal from Plaintiffs will be appropriate. (ECF No. 489).

The Court agrees with Plaintiffs. The substitute expert witness has not yet been disclosed and the content of the report is so far unknown. If, upon receiving the report prepared by the substitute expert witness, Plaintiffs believe rebuttal evidence is necessary, the Court grants them leave to submit rebuttal reports.

The Court GRANTS the Motion to Substitute Expert Witness. (ECF No. 480). The Court orders the RTX Defendants to disclose any substitute expert witness and corresponding expert reports within 120 days of this Order. Plaintiffs are ordered to disclose any rebuttal experts and corresponding expert reports, as well as to file any Daubert motions related to the RTX Defendants' substitute expert witness, within 60 days of disclosure by the RTX Defendants. Any Daubert motions related to Plaintiffs' rebuttal experts must be submitted 60 days after disclosure by Plaintiffs.

SO ORDERED on October 23, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT